IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT FOR INTERPLEADER |
| LORIE HUGHES NOVAK, as Trustee of the Loretta Clement Symm Supplemental Needs Trust, LORIE HUGHES NOVAK, in her individual capacity, LORRETA CLEMENT SYMM, JAMES CLEMENT HUGHES, STEVEN CARL SYMM, JOHN RICHARD SYMM, and JOAN GAYLE KIMBER, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW, Woodmen of the World Life Insurance Society ("WoodmenLife" or "Plaintiff") and for its cause of action against Defendants, and hereby states and alleges as follows:

**PARTIES**

1. WoodmenLife is a fraternal benefit society organized and existing under Nebraska law, without capital stock, conducted solely for the benefit of its members and their beneficiaries and not for profit pursuant to Section 501(c)(8) of the Internal Revenue Code, with its principal office located at 1700 Farnam St., Omaha, Nebraska, 68102.

2. Upon information and belief, Defendant Lorie Hughes Novak, as Trustee of the Loretta Clement Symm Supplemental Needs Trust, is the Trustee of the Loretta Clement Symm Supplemental Needs Trust (the "Trust"), which was created by the last will and testament of decedent Richard Herbert Symm ("Decedent") and is a resident of Angleton, Texas.

3. Defendant Loretta Symm is a resident of Angleton, Texas, was the wife of Decedent, and is the primary beneficiary of the Trust.

4.     Defendant Lorie Hughes Novak, as an individual, is the daughter of Loretta Symm, the step-daughter of Decedent, and is a contingent beneficiary of the Trust.

5.     Defendant James Clement Hughes is the son of Loretta Symm, the step-son of Decedent, a contingent beneficiary of the Trust, and is a resident of Freeport, Texas.

6.     Defendant Steven Carl Symm is a son of decedent Richard Symm, a contingent beneficiary of the Trust, and is a resident of Sweeny, Texas.

7.     Defendant John Richard Symm is a son of decedent Richard Symm, a contingent beneficiary of the Trust, and is a resident of Houston, Texas.

8.     Defendant Joan Gayle Kimber is the daughter of decedent Richard Symm, a contingent beneficiary of the Trust, and a resident of Dallas, Texas.

9.     The parties referenced in paragraphs 2 through 8, above, are collectively be referred to as the "Defendants."

## JURISDICTION AND VENUE

10.    This Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity between Plaintiff WoodmenLife and all Defendants.  WoodmenLife maintains its principal place of business in Nebraska and is a resident of Nebraska for purposes of diversity jurisdiction.  All Defendants are, on information and belief, residents of Texas.  Additionally, the amount in controversy exceeds $75,000.

11.    Venue is proper in this Court under 28 U.S.C. § 1397, as this is an interpleader action and one or more the Defendants reside in or may be found in this district.

## FACTS AND BACKGROUND

12.    On or about June 4, 1992, Decedent submitted an application for life insurance to WoodmenLife.  In the application, Decedent named his Decedent's wife, Loretta Symm, as

2

Decedent's proposed Primary Beneficiary, and Decedent's children John Richard Symm, Steven Carl Symm, and Joan Gayle Kimber as the proposed Alternate Beneficiary.

13. On or about October 28, 1992, WoodmenLife issued Certificate No. 5187839 (the "Certificate") to Decedent with a face value of $100,000 (the "Certificate Proceeds").

14. On or about February 22, 2001, Decedent signed and transmitted to WoodmenLife a Beneficiary Change form changing the Primary Beneficiary of the Certificate to his children, John Richard Symm, Steven Carl Symm, and Joan Gayle Kimber.

15. Decedent died on or about April 26, 2019; Decedent's death certificate notes the immediate cause as Alzheimer's Disease and alleges Decedent suffered from the disease for ten years preceding his death.

16. On or about July 1, 2019, Loretta Symm called WoodmenLife, claiming the correct Primary Beneficiary of the Certificate is not John Richard Symm, Steven Carl Symm, and Joan Gayle Kimber, and is instead the Trust. WoodmenLife asked Loretta Symm to send WoodmenLife proof of this claim.

17. On or about July 16, 2019, WoodmenLife had not yet received proof of the claims made by Loretta Symm in her July 1, 2019 phone call to WoodmenLife. On this date, WoodmenLife sent letters to John Richard Symm, Steven Carl Symm, and Joan Gayle Kimber, informing them WoodmenLife's records indicated they were designated beneficiaries of the Certificate and providing them instructions regarding filing a claim for the Certificate Proceeds.

18. On or about July 31, 2019, Loretta Symm sent a letter to WoodmenLife, claiming Loretta Symm and Decedent executed a change of beneficiary form for the Certificate on October 8, 2014 at Loretta Symm's and Decedent's attorney's office. Loretta Symm provided a copy of a Beneficiary Change Form bearing the signature of Richard Herbert Symm dated October 8, 2014 naming the Trust as the Certificate's Primary Beneficiary and Lorie Hughes

Novak, James Clement Hughes, Joan G. Kimber, Steven C. Symm and John R. Symm as alternate beneficiaries.

19. The Beneficiary Change Form dated October 8, 2014 was not received at the Home Office of WoodmenLife during the lifetime of the Decedent.

20. If the Beneficiary Change Form dated October 8, 2014 is effective, then the Certificate Proceeds must be paid to the Trust, however, if the Trust does not exist, the Certificate Proceeds would then be paid to the named alternate beneficiaries in their respective shares.

21. If the Beneficiary Change Form dated October 8, 2014 is not effective, the Certificate Proceeds must be paid in accordance with the Beneficiary Change Form dated February 22, 2001, the last beneficiary designation received and approved by WoodmenLife, which pays the Certificate Proceeds to the Decedent's children in their respective shares.

22. WoodmenLife is therefore subject to competing claims for the Certificate Proceeds. Other defendants may also claim entitlement to the proceeds of the Policy.

23. WoodmenLife claims no title to or interest in the Certificate Proceeds and is ready, willing and able to pay the proceeds to the person or persons entitled, but WoodmenLife is unable to make such a determination without hazard to itself.

24. There is no collusion now, nor has there been any collusion at any time, between WoodmenLife and Defendants, or any of them, as to the disposition of the Certificate Proceeds.

25. WoodmenLife is ready, willing and offers to deposit the Certificate Proceeds with the Court, or with some other person duly authorized by the Court.

26. WoodmenLife has no means other than this action under Federal Rule of Civil Procedure 22 of protecting itself against the vexation of multiple pieces of litigation as to the Certificate Proceeds on the part of Defendants, or any of them.

## **PRAYER**

Wherefore, WoodmenLife respectfully requests the following relief:

a. That all Defendants be served with process and be required to answer in the time and manner prescribed by law;

b. That the Court grant the interpleader and accept the Certificate Proceeds into its Registry;

c. That each of the Defendants be ordered to interplead and settle among themselves their rights and claims for the Certificate Proceeds;

d. That upon WoodmenLife depositing the Certificate Proceeds into the Court's Registry, the Defendants, for themselves, their heirs, legal representatives, successors, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States Court against WoodmenLife and its agents and representatives for the Certificate or Certificate Proceeds;

e. That WoodmenLife, its agents and representatives be fully and finally discharged and released from further liability to the Defendants and any party claiming an interest in the Certificate Proceeds; and

f. That the Court grant WoodmenLife all such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

DATED this 12th day of November 2019.

        Respectfully submitted,

        */s/ Chauntelle R. Wood*___
        Chauntelle R. Wood, T.A. (#24095031)
        **LISKOW & LEWIS**
        1001 Fannin, Suite 1800
        Houston, Texas 77002
        Telephone:  (713) 651-2958
        Facsimile:  (713) 651-2908
        crwood@liskow.com

        ***Attorney for Woodmen of the World Life Insurance Society***

697027